UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DAVID ALLEN HICKS, | Case No. 2:25-cv-00972-MMD-NJK |
|---|---|
| Petitioner, | ORDER |
| v. | |
| JEREMY BEAN, *et al.*, | |
| Respondents. | |

Before the Court is Petitioner David Allen Hicks's motion for leave to file a second-amended petition. (ECF No. 14 ("Motion").) Respondents have filed a non-opposition to the Motion. (ECF No. 15.)

In his Motion, Hicks states that he filed his first-amended petition as a protective petition to ensure that all his claims would be preserved as timely filed. (ECF No. 14.) Hicks requests leave to file a second-amended petition so that he has a reasonable opportunity to prepare an amended petition that fully reflects counsel's considered judgment. (*Id.*) Hicks further requests the Court waive the requirement of LR 15-1(a), which requires a party to attach the proposed amended pleading to a motion seeking leave of court to amend, explaining that the rule is ill-suited for this situation. (*Id.*)

LR 15-1(a) states that a proposed amended pleading must be submitted with the motion for leave to amend unless otherwise permitted by the Court. When the Court appoints counsel to represent habeas corpus petitioners, as a matter of course, it gives counsel leave to file an amended petition. The only difference here is that counsel is trying to file a petition before the one-year deadline to minimize the probability that grounds for relief would not relate back to a timely petition. The Court sees no reason to depart from its usual practice in habeas corpus cases of allowing amended petitions under these

circumstances. Moreover, under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the Court's leave, and "[t]he court should freely give leave when justice so requires."

The Court finds that good cause exists for Hicks to file a second-amended petition, so the Court grants the Motion and waives the LR 15-1(a) requirement. This Order does not, however, affect the operation of the statute of limitations, and the Court does not mean to convey any opinion about when the limitations period expires (or expired).

It is therefore ordered that the Motion (ECF No. 14) is granted. Hicks has up to and including November 26, 2025 to file a second-amended petition. In all other respects, the Scheduling Order (ECF No. 11) remains in effect.

DATED THIS 9th Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE